IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **TRUNG VIEN** | * | |
| Plaintiff | * | |
| v. | * | Civil No. **PJM 12-1796** |
| **MARVIN WALKER, et al.** | * | |
| Defendants | * | |

## MEMORANDUM OPINION

Trung Vien, through counsel, sued five Montgomery County Police Officers, alleging violations of his civil rights under 42 U.S.C. § 1983. Several months after discovery began, Vien's counsel withdrew from the case, and Vien proceeded *pro se*. After several failed attempts to seek discovery from him, Defendants' Motion for Sanctions or in the Alternative Defendants' Motion to Compel (Paper No. 25) followed. Magistrate Judge Charles B. Day granted the Motion to Compel, and held a discovery hearing. Vien did not respond to the Motion or appear at the hearing. The Court now considers Defendants' Motion for Sanctions. For the reasons that follow, the Court will **GRANT WITH PREJUDICE** Defendants' Motion for Sanctions (Paper No. 25), with deposition costs to be awarded to Defendants.

**I.**

When Vien initiated this suit in June 2012, he was represented by counsel. A scheduling order issued on September 25, 2012, setting a discovery deadline of February 7, 2013. On March 6, 2013, after two joint requests for extensions of the deadlines in this case had been granted, counsel for Vien filed a Motion to Withdraw, stating that there was not a "reasonable likelihood of compensation in this case." On April 5, 2013 the Court granted the Motion and "STRONGLY RECOMMENDED" to Vien that he "arrange for substitute counsel and have

1

counsel enter his or her appearance within 30 days." (Paper No. 19). Vien never arranged for substitute counsel, and has apparently proceeded *pro se*. Three subsequent extensions of the scheduling order were requested and granted.

According to Defendants' Motion and the exhibits attached thereto, Defendants sent Vien copies of interrogatories and requests for production of documents on June 28, 2013. Vien signed the receipt card indicating his acceptance of service. On July 26, 2013, Defendants sent Vien a copy of the same requested discovery, a reminder that discovery responses were due on July 31, 2013, and a Notice of Deposition for August 14, 2013. The letter and its attachments were returned to Defendants as "unclaimed". Vien did not contact Defendants, nor did he appear for the deposition.

On September 12, 2013, Defendants sent Vien another letter, extending Vien's deadline to provide answers to discovery and proposing a second deposition date of October 4, 2014. Vien signed the receipt card but did not contact Defendants. A fourth letter enclosing a copy of the Notice of Deposition for October 4, 2013 was sent via both regular mail and certified mail on September 26, 2013. The certified letter was refused on two separate occasions, but the regular mail was never returned to Defendants.

On October 2, 2013, counsel for Defendants called Vien to discuss discovery and his upcoming deposition. Vien indicated that he was aware of the deposition and the overdue discovery responses, but stated he would not be attending the deposition or responding to discovery requests, as he had been "told by [his] attorney not to say anything", although he also said he was not represented by counsel. Mot. at 4. Vien alleged that he was being threatened by Defendants and stated, "You have killed me, O.K. I am dead already." Vien did not appear for the October 2, 2013 deposition.

2

Defendants moved for the sanction of dismissal or, in the alternative, for an order compelling Vien to provide complete discovery responses and participate in a deposition prior to the close of discovery on November 17, 2013. Magistrate Judge Day granted the motion to compel on November 6, 2013. At a hearing before Judge Day on February 19, 2014 to discuss Vien's failure to participate in discovery, Defendants represented to the Court that there had been no further contact with Vien. Vien did not appear for the hearing despite the fact that the notice to appear was sent by CM/ECF and regular mail.

Defendants request in their Motion for Sanctions dismissal of Vien's Complaint in its entirety with prejudice, as well as an order that Vien pay the costs of the depositions which he failed to attend.

**II.**

Federal Rule of Civil Procedure 37(d) authorizes the Court to sanction parties who fail to comply with the discovery process. It provides that if a party fails to appear at a properly noticed deposition or to serve answers or objections to interrogatories after proper service, the Court is authorized to make such orders in regards to the failure, as may be appropriate, including dismissal of the action. *See* Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). The Fourth Circuit has developed a four-part inquiry to determine appropriate sanctions in cases where parties do not comply with the judicial process and its inherent discovery procedures: (1) whether the noncomplying party has acted in bad faith; (2) the amount of prejudice the party's noncompliance has caused his or her adversary; (3) the need to deter the particular type of noncompliance; and (4) the effectiveness of less drastic sanctions. *See Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 503–505 (4th Cir. 1977).

Bad faith can be fairly inferred in this case. Vien has blatantly ignored Defendants' discovery requests as well as the Court's Orders and has provided no excuse or justification whatsoever.

Defendants cannot defend themselves in this case, including filing a dispositive motion, without the opportunity for discovery and a deposition of Vien. By failing to attend his own deposition, Vien has undeniably caused Defendants prejudice.

The third factor concerns the need to deter the type of noncompliance found in this case. Violating court orders to appear for deposition, failing to provide written discovery responses, and failing to appear for oral argument without even attempting to offer justification or excuse go to the heart of the court process and totally inhibit a just resolution of disputes. This type of behavior needs to be deterred.

The fourth and final consideration is the effectiveness of less dramatic sanctions. Here, to absolutely no avail, all have been tried. Vien has been given ample opportunity for notice but for some inexplicable reason has refused all efforts to proceed in this case. Dismissal of his suit is the only reasonable sanction.

## III.

Defendants also request the costs of the depositions which Vien failed to attend. Federal Rule of Civil Procedure 37 requires the Court to order the party failing to act to pay reasonable expenses caused by the failure "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C), 37(d)(3). Because Vien failed to appear at two duly noticed depositions without explanation, the Court deems it appropriate for Defendants to recover the costs of the depositions scheduled for August 14, 2013 and October 2, 2013.

## IV.

For the foregoing reasons, the Court **GRANTS WITH PREJUDICE** Defendants' Motion for Sanctions (Paper No. 25), with reasonable costs for the depositions in which Plaintiff did not appear.

A separate Order will **ISSUE**.

/s/
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**March 5, 2014**